UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DAVINA THOMPSON,

             Plaintiffs,

-against-

THE CITY OF NEW YORK and NYPD POLICE OFFICERS JOHN DOES NOS. 1, 2, 3, ETC., (whose identity are unknown but who are known to be personnel of the New York City Police Department), all of whom are sued individually and in their official capacities,

             Defendants.

---------------------------------------------------------------------

25CV3654

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, DAVINA THOMPSON, by her counsel, AARON M. RUBIN, hereby alleges as follows, upon knowledge as to herself and her acts, and as to all other matters upon information and belief:

      1.     Plaintiff brings this action to recover compensatory and punitive damages, attorney's fees and costs, pursuant to 42 U.S.C. § 1983 for violations of her civil rights under the United States Constitution and New York State law caused by the conduct of Defendant police officers and the City of New York.

### PARTIES AND RELATED ENTITIES

      2.     Defendant CITY OF NEW YORK ("CITY") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department, ("NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the

employment of its police officers. Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers.

3. Defendant police officers were employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents, employees and officers of the CITY OF NEW YORK. The identity and number of police officers are still unknown. Those who are unknown at this time are being sued as "John Does" until their names can be determined. All of the police officers sued herein are alleged to have acted in both their official and individual capacities.

4. Plaintiff Davina Thompson is a female adult resident of Staten Island in Richmond County.

**Jurisdiction and Venue**

5. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims brought under New York State law.

7. A notice of claim of Plaintiff's intent to sue for the violation of her civil rights, including false arrest, excessive force, false imprisonment, malicious prosecution, and abuse of process, and common law torts, was duly filed with the City of New York on July 19, 2024.

8. Pursuant to New York General Municipal Law § 50-H, the City of New York conducted an examination of Plaintiff by a deposition held on October 29, 2024.

9. To date, the City of New York has not made an offer to settle Plaintiff's claims.

10. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident giving rise to the claims took place in Richmond County.

11. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Statement of Facts**

12. On or about May 8, 2024, at around 10:44 p.m., Plaintiff Ms. Thompson was lawfully present on the outside front porch of her home at 137 Winter Avenue in Staten Island.

13. At that time, there was an altercation among several female individuals in front of 137 Winter Avenue.

14. John Doe Defendant police officers, whose identity are not determined at this time, arrived and grabbed Ms. Thompson off the front porch and arrested her, even though she was not involved in any altercation and did not commit any crime or violation.

15. In the process of arresting Ms. Thompson, police took her to the ground, where they leaned on her causing her to lose her breath and have an asthma attack.

16. Ms. Thompson was handcuffed and put into the back of a police car and transported to the 120 Precinct in Staten Island.

17. In the police car, Ms. Thompson complained of not being able to breath and asked for medical attention. Police told her that if she required medical attention they would hold her in custody longer.

18. Ms. Thompson was processed for arrest in the 120 Precinct, where she was searched and held in custody in violation of her liberty for at least an hour.

19. Ms. Thompson was then released from the precinct and issued an appearance ticket charging her with disorderly conduct, under Penal Law Section 240.20.

20. After leaving the precinct, Ms. Thompson was picked up by her family members who took her to the hospital to be treated for injuries.

21. Following her arrest, Ms. Thompson appeared in court for an arraignment on a complaint charging one count of disorderly conduct that was sworn to by a police officer without legal justification or probable cause.

22. Ms. Thompson returned to court at least one other time before the case was dismissed on July 16, 2024.

23. The conduct by Defendants caused Ms. Thompson to suffer loss of liberty, emotional, psychological and physical pain, embarrassment, humiliation, reputational harm, and the deprivation of her federal and state Constitutional rights.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST DEFENDANT POLICE OFFICERS

24. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

25. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiff of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

26. The conduct by Defendants constituted excessive force and was a direct and proximate cause of Plaintiff's false arrest, unlawful imprisonment, malicious prosecution and abuse of process, all in violation of 42 U.S.C. Section 1983.

## PLAINTIFF'S STATE LAW CLAIMS
## AGAINST DEFENDANT POLICE OFFICERS

27. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

28. The conduct by Defendant police officers amounted to excessive force, false arrest, false imprisonment, abuse of process and malicious prosecution in violation of New York state law.

## PLAINTIFF'S STATE LAW CLAIMS
## AGAINST THE CITY OF NEW YORK

29. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

30. Because Defendant police officers were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable for the violations of civil rights set forth herein, including

but not limited to false arrest, excessive force, false imprisonment, malicious prosecution and abuse of process.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated:   New York, New York
         July 1, 2025

                                              AARON M. RUBIN
                                              Attorney for Plaintiff

                                              _____/s_____
                                              BY: Aaron M. Rubin, Esq.

                                              99 Wall Street Suite 1130
                                              New York, New York 10016
                                              (212) 725-4600
                                              arubin@amresquire.com